

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-23-00289-CR

_____

JUSTIN MICHAEL RAMEY, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from Criminal District Court No. 4
Tarrant County, Texas
Trial Court No. 1727667

---

Before Kerr, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Kerr

# MEMORANDUM OPINION

Justin Michael Ramey appeals from his conviction for assault of a peace officer. *See* Tex. Penal Code Ann. § 22.01(b–2). In his sole point of error, Ramey argues that the evidence is insufficient to support the jury's finding that he intentionally or knowingly caused bodily injury to a peace officer. Because we hold the evidence is sufficient, we affirm.

## I. Background

On April 22, 2022, Rey Salinas observed an individual, whom he identified at trial as Ramey, talking incoherently to himself with his pants down around his ankles. Salinas called the nonemergency number for the Fort Worth Police Department to report the incident; a recording of that call was played for the jury.

Patrol Sergeant Jason Young responded to the call and initially observed Ramey through a monocular. Sergeant Young testified that Ramey's pants were down around his ankles, and he appeared to be talking to himself. Sergeant Young noticed that Ramey had a butane torch next to his foot.

Sergeant Young approached Ramey and asked him what he was doing. Ramey responded, "freestyling." Sergeant Young noticed that Ramey was concealing something in his hands that appeared to be a straw and a white crystalline substance. After Ramey threw those items to the ground, Sergeant Young attempted to detain him. He grabbed Ramey's left wrist, but Ramey pulled away and began to run. He attempted to climb a fence to avoid detention, but Sergeant Young pulled him off the

fence. According to Sergeant Young, Ramey's conduct at that time was simply resisting detention, but it escalated when he struck Sergeant Young's mouth with a closed fist.

Although the video from Sergeant Young's body camera was played for the jury, it did not capture Ramey's striking Sergeant Young. Sergeant Young explained that the video appears to "go black" when Ramey struck him because they were so close together.

Salinas testified that he had observed the encounter between Sergeant Young and Ramey and described it as "tussling"; it "looked like wrestling, throwing punches." Salinas offered his assistance to Sergeant Young. With Salinas's assistance, Sergeant Young was able to get Ramey to the ground and detain him. Both Sergeant Young and Salinas acknowledged that Ramey was not nude. Rather, although Ramey had his pants down around his ankles, he was also wearing shorts.

The jury found Ramey guilty of assault of a peace officer. The trial court found the enhancement paragraph to be true and assessed his punishment at 35 years' confinement. This appeal followed.

## II. Evidentiary Sufficiency

The indictment charged that Ramey "intentionally or knowingly" caused bodily injury to Sergeant Young, a peace officer, by "striking him with [Ramey's] hand or arm." In Ramey's sole issue, he argues that the evidence is insufficient to support his

3

conviction because the State did not prove he intentionally or knowingly caused bodily injury to Sergeant Young.

**A. Standard of Review**

In our evidentiary-sufficiency review, we view all evidence in the light most favorable to the verdict to determine whether any rational factfinder could have found the crime's essential elements beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Queeman v. State*, 520 S.W.3d 616, 622 (Tex. Crim. App. 2017). This standard gives full play to the factfinder's responsibility to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Queeman*, 520 S.W.3d at 622.

The factfinder alone judges the evidence's weight and credibility. *See* Tex. Code Crim. Proc. Ann. art. 38.04; *Martin v. State*, 635 S.W.3d 672, 679 (Tex. Crim. App. 2021). We may not re-evaluate the evidence's weight and credibility and substitute our judgment for the factfinder's. *Queeman*, 520 S.W.3d at 622. Instead, we determine whether the necessary inferences are reasonable based on the cumulative force of the evidence when viewed in the light most favorable to the verdict. *Braughton v. State*, 569 S.W.3d 592, 608 (Tex. Crim. App. 2018); *see Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017) ("The court conducting a sufficiency review must not engage in a 'divide and conquer' strategy but must consider the cumulative force of all the evidence."). We must presume that the factfinder resolved any conflicting inferences

4

in favor of the verdict, and we must defer to that resolution. *Braughton*, 569 S.W.3d at 608.

## B. Applicable Law

Assault of a peace officer's substantive elements are, in relevant part, as follows: the accused (1) intentionally, knowingly, or recklessly (2) caused injury (3) to a peace officer (4) that the accused knows is a peace officer, (5) while the peace officer is lawfully discharging an official duty. *See* Tex. Penal Code Ann. § 22.01(b–2).

A person acts intentionally "with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result." Tex. Penal Code Ann. § 6.03(a).

A person acts knowingly "with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist." *Id.* § 6.03(b). A person acts knowingly "with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result." *Id.*

## C. Discussion

Ramey contends that rather than showing that he intentionally or knowingly caused bodily injury to Sergeant Young, the evidence shows only that he struggled with Sergeant Young and attempted to get away. He argues that the State is attempting to suggest that his attempts at running away and resisting detention prove that he intentionally or knowingly assaulted Sergeant Young.

5

But Ramey's argument ignores Sergeant Young's testimony that during the struggle, Ramey faced him and "struck [him] with a closed fist in the mouth." Sergeant Young specifically testified that he did not believe Ramey had accidentally struck him while trying to get away but rather, that Ramey had knowingly struck him in the mouth. Sergeant Young stated that Ramey's striking him in the mouth caused pain and bleeding. Ramey does not argue that he was unaware that Sergeant Young was a peace officer, and the evidence shows that Sergeant Young was dressed in his police uniform when he approached Ramey.

Sergeant Young's testimony provided evidence that Ramey intentionally or knowingly caused him injury while he was lawfully discharging an official duty and that Ramey thus committed the offense of assault of a peace officer. *See* Tex. Penal Code Ann. § 22.01(b–2); *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Queeman*, 520 S.W.3d at 622. The jury is the sole judge of a witness's credibility and the weight to be given his testimony, and we cannot "usurp this role by substituting [our] own judgment for that of the jury." *Montgomery v. State*, 369 S.W.3d 188, 192 (Tex. Crim. App. 2012).

After reviewing all the evidence in the light most favorable to the jury's verdict, we conclude that a rational factfinder could have found all the essential elements of assault of a peace officer beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319, 99 S.Ct. at 2789; *Queeman*, 520 S.W.3d at 622. We overrule Ramey's sole issue.

## III. Conclusion

Having overruled Ramey's sole issue, we affirm the trial court's judgment.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: August 8, 2024